# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. **DENNIS TAYLOR**, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 15 C 4969 ) |
| **TARRY WILLIAMS**, Custodian, Warden, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

On June 4, 2015 Dennis Taylor ("Taylor") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254,[1] and the Petition has been assigned to this Court's calendar under the District Court's computerized random assignment system. Taylor seeks to advance no fewer than 21 grounds for relief in the Petition in an effort to challenge (1) his conviction on two counts of first degree felony murder, two counts of aggravated kidnapping, one count of attempted robbery and one count of aggravated unlawful restraint and (2) the resulting sentence of two natural life sentences plus five years that he is now serving. But as explained in this memorandum opinion and order, Taylor faces a potentially fatal roadblock to that effort at the very outset.

Section 2244(d)(1) provides only a short limitation period -- just one year -- within which a habeas petition may be filed by a person in custody pursuant to a state court judgment. That one-year limitation clock, applicable by its terms to Taylor, begins to tick on the latest of four dates, with the alternative applicable to Taylor being set out in Section 2244(d)(1)(A):

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

> the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

For purposes of that statute a judgment becomes "final" on the date that the direct appeal process has been completed in the state court system plus (1) any time spent in certiorari proceedings before the United States Supreme Court or (2) if certiorari has not been sought, a period of 90 days within which such an effort could have been undertaken (in the latter respect, see Clay v. United States, 537 U.S. 522 (2003)).

Here Taylor's direct appeal efforts concluded on November 14, 2010, when the Illinois Supreme Court denied leave to appeal from the Illinois Appellate Court's ultimate upholding of Taylor's convictions and sentences (see Petition Pt I ¶ 7). Because Taylor did not in fact seek certiorari, the 90-day add-on brought the "final" date of the judgment against him to February 8, 2011 -- more than four years ago.

It is true that Section 2244(d)(2) contains this tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

And on that score Petition Pt II ¶ 1 recites that Taylor did indeed file a state post-conviction petition in the Circuit Court of Cook County on May 31, 2013, while Appendix A-5 to the Petition is a copy of the Illinois Supreme Court's May 28, 2014 denial of leave to appeal from the Illinois Appellate Court's adverse ruling on that state court petition.

Because Taylor has left blank both dates in the paragraph of the Petition immediately above his signature -- dates that would have reflected the time of his mailing of the Petition or of his delivery of the Petition to prison officials for such mailing, thus defining the Petition's date of "filing" under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988) -- this

Court cannot determine whether that filing date was less than a year after the Illinois Supreme Court's May 28, 2014 decision. But the Petition's filing date is totally irrelevant, because Taylor is unquestionably far out of time for limitation purposes.

It would seem likely that Taylor may be laboring under a mistaken belief that the one-year limitation clock does not begin to tick until after any state post-conviction proceedings are fully resolved. Not so: As the earlier-quoted Section 2244(d)(2) states unambiguously, the tolling provision operates only during the <u>pendency</u> of "a properly filed application for State post-conviction or other collateral review," and in this instance Taylor did not file such an application in the state court until May 31, <u>2013</u>, by which date the statutory one-year limitation period that began on February 8, <u>2011</u> had already run out more than 15 months earlier.

That then means that Taylor is dead in the water on limitations grounds, and the 24 pages that the Petition has devoted to expounding his 21 grounds for relief (grounds on which this opinion need not express any substantive views) have been a wasted effort. It must be remembered, however, that the statutory provision at issue here is a limitation provision and <u>not</u> a statute of repose, so that it is possible (though it scarcely seems likely) that the Illinois Attorney General's Office could opt to waive an impregnable limitations defense and proceed on the merits. Because of that possibility, copies of the Petition and of this opinion are being directed contemporaneously to the Attorney General's Office, which is ordered to file (and to deliver to this Court's chambers a copy of -- see LR 5.2(f)) a statement either asserting or waiving the statute of limitations defense on or before June 26, 2015.[2]

---

[2] Although quite short, that time frame should be sufficient for making such a choice.

Two other tag ends should be addressed here.  Taylor has accompanied the Petition with two filled-out forms that the Clerk's Office makes available for use by pro se prisoner litigations: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").  As for the former, Taylor may be unaware that the only filing fee that must be paid by a Section 2254 petitioner is the modest sum of $5.  Accordingly he is ordered to pay that amount to the Clerk of Court on or before the same June 26 date.  And as for the latter, if the Attorney General's Office opts to assert a limitations defense that will call for denying the Motion as moot -- hence no action will be taken in that respect at this time.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 9, 2015