**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. **DENNIS TAYLOR**, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 15 C 4969 ) |
| **TARRY WILLIAMS**, Custodian, Warden, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM ORDER

This Court has received a motion for extension of time (the "Motion") filed by the Assistant Attorney General to whom the pro se 28 U.S.C. § 2254[1] Petition (the "Petition") brought by prisoner plaintiff Dennis Taylor ("Taylor") has been assigned for handling. To this Court's recollection, throughout its tenure on the bench (35 years as of this week) it has never denied a motion for extension that had any appearance of reasonableness -- or for that matter, any such motion that lacked apparent reasonableness but was at least reasoned in its presentation. But as the following explanation confirms, in this instance the Motion has no semblance of reasonableness <u>or</u> reason, and it is accordingly denied.

This Court's June 9, 2015 memorandum opinion and order ("Opinion") has already rung all of the changes on the legal requirements applicable to a Section 2254 petitioner such as Taylor, but that was really done for the benefit of the legally unschooled petitioner himself (so that he might appreciate the intricacies of Section 2254 jurisprudence but still understand that his

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

failure to overcome the one-year limitation bar erected by Section 2244(d)(1) was both clear and unanswerable). In this instance, as the legally trained author of the Motion ought to have recognized immediately, two obvious and indisputable facts torpedo the Petition on untimeliness grounds:

1. Taylor's direct appeal efforts in the state court system concluded on November 24, 2010,[2] when the Illinois Supreme Court denied leave to appeal from the Illinois Appellate Court's upholding of Taylor's convictions and sentences (reported in table as People v. Taylor, 238 Ill. 2d 671, 942 N. E. 2d 460 (2010)). Because Taylor admittedly did not seek certiorari (Petition Pt. I ¶ 7(B)), the 90-day add-on allowed for possible (but not undertaken) certiorari efforts brought the "final" date of Taylor's state court judgment for purposes of Section 2244(d)(1)(A) to February 22, 2011.

2. Because Taylor acknowledges that he did not bring any state post-conviction proceedings until May 31, 2013 (Petition Pt. II ¶ 1(B)), under Section 2244(d)(1) the one-year limitation period had already run out at that time by a full 15 months.

That being true, counsel's Motion at 1 statement (emphasis added) that "respondent's counsel needs to review the state court record to confirm certain dates and to be sure all of petitioner's state court proceedings have been concluded and are considered in the statute of

---

[2] Taylor mistakenly listed the November 24 date as November 14 in Petition Pt. I ¶ 7, but that 10-day difference obviously does not change the substantive analysis as to the statute of limitations.

limitations analysis" is really incomprehensible. When "state court proceedings have been concluded" is a total irrelevancy -- what is fully determinative instead is that those proceedings did not even <u>begin</u> until the limitations clock had stopped ticking well over a year earlier. And that means that the tolling provision of Section 2244(d)(2) never came into play at all. In short, this Court denies the Motion as ill-considered and orders the Attorney General's Office to comply with the June 26, 2015 timetable set in the Opinion.

                                                             _____
                                                             Milton I. Shadur
                                                             Senior United States District Judge

Date:  June 23, 2015