**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel. | ) | |
| **DENNIS TAYLOR**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 4969 |
| | ) | |
| **TARRY WILLIAMS**, Custodian, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On June 4, 2015 Dennis Taylor ("Taylor") filed a self-prepared 28 U.S.C. § 2254[1]

Petition for a Writ of Habeas Corpus ("Petition") that challenged his state court conviction on

multiple serious crimes and the consequent lengthy sentences that he is now serving. This

Court's threshold review of the Petition (a practice that it follows in every case newly assigned to

its calendar) quickly revealed that the Petition was meticulous not only in reciting the several

steps that had marked Taylor's travels through the state criminal justice system -- in both the

pre-conviction and post-conviction stages -- before he turned to this federal court for relief but

also in specifying the dates applicable to those steps (the apparent hallmark of a petitioner who

had been careful to maintain and retain all of the materials relevant to that history).

This Court, taking Taylor at his word as to the facially comprehensive state court history

and the dates involved, swiftly determined that on his own presentation the Petition had been

filed more than a year too late to come within the one-year limitation period prescribed by

_____

[1] All further references to Title 28's provisions will simply take the form "Section --,"
omitting the prefatory "28 U.S.C. §."

Section 2244(d)(1).  Accordingly this Court promptly issued a June 9 memorandum opinion and order ("Opinion") (1) that explained the analysis unequivocally called for by Taylor's own Petition and (2) because the limitation period is not jurisdictional in nature, that ordered the Illinois Attorney General's Office to file on or before June 26 a statement either asserting or waiving the statute of limitations defense.

To this Court's surprise the Assistant Attorney General who had been assigned to the case filed a motion for an extension of time to enable that counsel to review the state court record. Because as indicated earlier Taylor's own Petition, when accepted as accurate, carried its own death warrant in limitations terms, this Court quickly issued a June 23 memorandum order (the "June 23 Order") rejecting that motion and renewing the Opinion's directive for a June 26 response.

Then, mirabile dictu, a few hours later on the same June 23 date the Clerk's Office delivered to this Court's chambers[2] a bulky self-prepared filing by Taylor captioned "Reply to Memorandum Opionion [sic] and Order" ("Reply") that revealed -- reciting chapter and verse -- a substantial number of additional procedures that had been taken by Taylor (or, as to some, taken on his behalf by appointed counsel) in the state court system that had not even been hinted at, let alone mentioned, in his original Petition.  Taylor had noticed that Reply up for presentment on June 25.

On its face Taylor's new presentation certainly calls for further review.  Accordingly this Court has scheduled the matter on its calendar for June 26, a date selected in the hope that it  will enable the Assistant Attorney General both to appear and to make arrangements for Taylor to

_____

[2]  It is difficult to understand why that filing, which had been received in the Clerk's Office on June 18, took nearly three working days to find its way to this Court's chambers.

participate telephonically.  In the meantime that also plainly calls for vacation of the June 23

Order, and this Court so orders.[3]


_____
Milton I. Shadur
Senior United States District Judge

Date:  June 25, 2015

_____

[3]  All due apologies are extended to the Assistant Attorney General for issuance of the June 23 Order, which as indicated in the text was the inadvertent result of this Court's having taken Taylor at his word in the first instance.