**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel. **DENNIS TAYLOR**, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 15 C 4969 |
| **TARRY WILLIAMS**, Custodian, Warden, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

In response to this Court's June 9, 2015 order issued in connection with the 28 U.S.C. § 2254[1] Petition for a Writ of Habeas Corpus ("Petition") brought pro se by Dennis Taylor ("Taylor") to challenge his conviction and lengthy sentence on multiple state criminal charges, the Assistant Attorney General assigned to the case has worked through the detailed history of Taylor's state court efforts toward the same goal that antedated the current Petition. That detailed analysis has concluded that it appears inappropriate to assert a statute of limitations defense under Section 2244(d), but in doing so it has disclosed the existence of a serious -- and very possibly fatal -- gap that the multiple and convoluted record of Taylor's earlier travels through the state court judicial system appears to have left in terms of the tolling of limitations under Section 2244(d)(2).

In that respect there is no question that 11 months and 2 days elapsed on the one-year limitation clock prescribed by Section 2244(d)(1) between the final disposition of Taylor's state

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

court efforts on May 28, 2014 (when his state post-conviction petition was ultimately denied) and the filing date of the current federal Petition on April 30, 2015. If then there was any earlier period of at least a month (or to be more precise, at least 29 days) when no "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment [was] pending" (the language of the tolling provision in Section 2244(d)(2)), the one-year limitation clock prescribed by Section 2244(d)(1) had run out before the federal Petition was even filed.

To see why that is so, one need focus only on Paragraph 4 of the Background section of the just-filed Response:

> On November 21, 2011, the appellate court held that petitioner had forfeited any such challenge. Id. On December 12, 2011 petitioner's counsel filed a motion for rehearing and two days later petitioner filed a motion for leave to file a pro se brief. Doc. 11 at ¶¶ 8-9. The appellate court denied rehearing on December 27, 2011 and denied petitioner's motion for leave to file a pro se brief on January 4, 2012. Taylor, 2014 IL App (1st) 123027-U, ¶ 14; Doc. 11 at ¶ 11. Petitioner thereafter filed a PLA, which the Illinois Supreme Court denied on March 28, 2012. People v. Taylor, 968 N.E.2d 87 (Ill. 2012).

As that explanation reflects, Taylor -- then represented by appointed appellate counsel -- was denied leave to file a pro se brief by the Illinois Appellate Court. And on that score Response at 4 n.1 correctly reflects (citing United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998)):

> Generally, a pro se brief filed by a party represented by counsel is a nullity.

That being so, the current Response has totally ignored the fact that after the Illinois Appellate Court had denied the petition for rehearing of that court's final action rejecting Taylor's direct appeal (a denial that, as the earlier-quoted Response ¶ 4 has stated, took place on December 27, 2011), it was Taylor himself and not his counsel who sought leave to appeal to the Illinois Supreme Court. This Court is frankly at a loss to understand on what basis that effort

should not also be a nullity, so that the December 27, 2011 denial of rehearing constituted the final state court ruling on Taylor's direct appeal for purposes of Section 2244(d)(1).[2] And if that is so, the addition of another 90 days within which certiorari could have been but was not sought would cause March 27, 2012 to be "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking for review" (the language of Section 2244(d)(1)(A)).

It would appear to follow, then, that the one-year limitation clock began to tick on that March 27, 2012 date, and that in turn would mean that just over two months had already run on that clock even before Taylor filed his post-conviction petition in the state court system on May 31, 2012. Hence the combined effects of the two periods during which no such petition was "pending" -- one before and one after its filing -- would have added up to well over a year.

Because what has been said has called attention to what seems to be a flaw in the analysis set out in the Response filed by the Attorney General's office, that office is ordered to consider what has been said here and to file an appropriately modified response on or before August 4, 2015. This Court will then consider what further proceedings are appropriate in this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 20, 2015

---

[2] Although no opinion from our own Court of Appeals appears to have dealt with that issue directly, two other Courts of Appeals have recently -- and relatedly -- found such pro se efforts to seek state post-conviction relief, filed by criminal defendants represented by counsel, did not operate to bring the Section 2244(d)(2) tolling provision into play (Munchinski v. Wilson, 694 F.3d 308, 328 (3d Cir. 2012); Del Rantz v. Hartley, 577 F. App'x 805, 809 (10th Cir. 2014)).