**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ex rel. **DENNIS TAYLOR**, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. 15 C 4969 ) |
| **TARRY WILLIAMS**, Custodian, Warden, | ) ) |
| Respondent. | ) ) |

## **MEMORANDUM ORDER**

Pro se habeas petitioner Dennis Taylor ("Taylor") has just filed a handwritten motion with the self-explanatory caption "Motion To Proceed on the Merits of the Case After Attorney General's Office Ruled Not To Assert a Statute of Limitation Defense" ("Motion"). Because that filing reflects a basic misunderstanding (although perhaps an understandable one on the part of a nonlawyer) of the roles of litigants, lawyers and the presiding judge in the justice system, this memorandum order will explain why the Motion is not well taken.

It is quite correct that the Assistant Attorney General responded to this Court's directive as to the applicability or inapplicability of a statute of limitations defense with a detailed analysis, concluding that it appeared inappropriate to assert such a defense under 28 U.S.C. § 2244(d).[1] But of course it is the function of the court and not the parties (whether or not acting through counsel), to determine the law. And what that means in part is that if any party, whether

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

or not acting through counsel, has made a mistake on the law, it is the assigned judge's responsibility to correct that mistake so that any litigant's determinations do not rest on a defective (or nonexistent) foundation.

In this instance this Court's July 20, 2015 memorandum order explained that its own independent analysis had "disclosed the existence of a serious -- and very possibly fatal -- gap that the multiple and convoluted record of Taylor's earlier travels through the state court judicial system appears to have left in terms of the tolling of limitations under Section 2244(d)(2)." That evaluation caused the July 20 memorandum order to direct the Attorney General's Office to consider what this Court's analysis had revealed and "to file an appropriately modified response on or before August 4, 2015."

Three further comments are in order:

1. This Court has not yet reached a conclusion on the statute of limitations issue. That will await the further input requested from the Attorney General's Office.

2. What has been said here would have applied with equal force if it had been Taylor and not defense counsel who had staked out his position based on such a legal mistake.

3. <u>Nothing</u> in what this Court has said or done in this action has begun to address the merits of Taylor's Section 2254 habeas petition if he has overcome the potential bar of limitations. There has been no "predetermin[ation of] his fate," a concern voiced by Taylor in his current Motion before confirming his "faith that the federal juridial [sic] process is designed to constitutionally correct state court wrongs as well as its own."

That said, this Court denies Taylor's Motion and continues to await the Attorney General's Office's response to the July 20, 2015 memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 3, 2015