# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. <br> **DENNIS TAYLOR**, <br><br> Petitioner, <br><br> v. <br><br> **TARRY WILLIAMS**, Custodian, Warden, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15 C 4969 <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

On June 4, 2015 Dennis Taylor ("Taylor") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, and the Petition was assigned to this Court's calendar under the District Court's computerized random assignment system. Taylor sought to advance no fewer than 21 grounds for relief in the Petition in an effort to challenge (1) his conviction on two counts of first degree felony murder, two counts of aggravated kidnapping, one count of attempted robbery and one count of aggravated unlawful restraint and (2) the resulting combination of two natural life sentences plus five years that he is now serving.

After Taylor's Petition had been sidetracked for a time by consideration of a potential limitations problem posed by the Petition, the Assistant Attorney General assigned to the case submitted what this Court's brief August 4 memorandum order characterized as a "thoughtful filing . . . that included a documentary showing that Taylor's pro se Petition for Leave to Appeal filed with the Illinois Supreme Court on February 7, 2012 had clearly extended the tolling period under 28 U.S.C. § 2244(d)(2)." That being the case, this Court ordered the Attorney General's Office to file an answer to Taylor's Petition and granted Taylor's Motion for Attorney

Representation by designating one of the Federal Defender Program's staff attorneys or a member of its attorney panel to act as his pro bono counsel.

What then followed was the filing of an Answer by the Attorney General's Office that exhibited the same thoroughness and scholarship that had marked the same office's negation of a limitations bar that would have called for denial of the Petition at the outset. This time, though, that submission addressed the Petition's entire substantive presentation and explained its flaws in meticulous fashion, primarily but not exclusively based (1) on the Illinois Appellate Court's March 3, 2014 order that had affirmed the dismissal of Taylor's pro se state court post-conviction petition for relief of judgment (2014 IL App (1st) 123027-U, 2014 WL 860537) and (2) on the same Appellate Court's disposition of Taylor's direct appeal (an unpublished order in People v. Taylor, No. 1-08-0454 (July 13, 2010)). This Court promptly analyzed the Petition in those terms and issued an October 8 opinion that denied the Petition on the merits and accordingly found no need to bring Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts into play by calling for a reply by Taylor.

That situation -- the powerful combination of the two Illinois Appellate Court decisions and the Illinois Attorney General's accompanying presentation -- obviated any need for Taylor's designated counsel to enter the lists on his behalf. But the equally thoughtful counsel from the Federal Defender Panel, recognizing that if Taylor were to file a notice of appeal on his own while nominally represented by counsel, that might create a procedural problem with such a filing, has sought leave to withdraw, and this Court grants that motion (Dkt. No. 32). Because the designated counsel, Joshua Herman, is known to this Court to be a well-qualified lawyer engaged in criminal defense work (a view confirmed by his having been accepted as a member of the Federal Defender panel after the careful screening process employed for that purpose), this

Court respectfully suggests that if the Court of Appeals were to elect to permit Taylor's case to go forward on appeal,[1] it might wish to consider designating attorney Herman to represent Taylor on appeal.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 10, 2015

---

[1] This Court's final October 8 opinion denied a certificate of appealability, but of course it advised Taylor that he "may seek a certificate from the court of appeals under Federal Rule Appellate Procedure 22."