IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. **DENNIS TAYLOR**, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 15 C 4969 USCA Case Nos. 15-3551 |
| **TARRY WILLIAMS**, Custodian, Warden, | ) ) | and 15-3562 |
| Respondent. | ) | |

## MEMORANDUM ORDER

On October 7, 2015 this Court issued a memorandum opinion and order ("Opinion") that explained why the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition") filed pro se by petitioner Dennis Taylor ("Taylor") did not qualify for Section 2254 relief. This Court therefore dismissed the Petition, denied a certificate of appealability and advised Taylor that he "may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22" (see Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").

Taylor then took an appeal from that dismissal, and this Court has periodically monitored its progress through a review of ECF filings. Because that monitoring revealed the entry of the following notice by the Court of Appeals under its Circuit Rule 3(b), this Court had assumed that no further action by this Court was then called for:

> IT IS ORDERED that all other proceedings that all other proceedings in this appeal are SUSPENDED pending the decision by this court as to whether to issue a certificate of appealability. The court will take no further action in this appeal until the fee status is resolved. Neither party should tender any brief or motion that is not related to appellant's request for a certificate of appealability. Appellee

is under no obligation either to file a brief or to respond to any such motion filed by appellant. Any motion not related to petitioner's request for a certificate of appealability will be deemed denied without further court action.

Now the Court of Appeals has issued a December 1 order that (1) refers to Taylor's having just filed a Motion To Proceed on Appeal In Forma Pauperis ("IFP"), (2) states that the motion had been erroneously filed before that court rather than this District Court and (3) orders that the motion be transferred to the District Court clerk for ruling. This Court has accordingly reviewed Taylor's motion and its accompanying affidavit and finds that he might qualify for IFP status in purely financial terms, but that such potential qualification does not suffice under the teaching of Thomas v. Zatecky, 712 F.3d 1004 (7th Cir. 2013) that an appellant such as Thomas is liable for the entire $505 in appellate filing and docketing fees if his appeal has been taken in bad faith, which Thomas (reconfirming Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)) has equated to the appeal's objective frivolousness.

In that respect Taylor's Petition asserts no fewer than 21 possible grounds for relief, but sheer volume does not do the job. Instead the Answer filed by the Illinois Attorney General's Office pursuant to this Court's order in compliance with Section 2254 Rule 4 addressed the Petition's entire substantive presentation and explained its multiple flaws in meticulous fashion, primarily but not exclusively based (1) on the Illinois Appellate Court's March 3, 2014 order that had affirmed the dismissal of Taylor's pro se state court post-conviction petition for relief of judgment (2014 IL App (1st) 123027-U, 2014 WL 860537) and (2) on the same Appellate Court's earlier disposition of Taylor's direct appeal (an unpublished order in People v. Taylor, No. 1-08-0454 (July 13, 2010)).

This Court's prompt analysis of the Petition in those terms revealed that 18 of the 21 putative claims were barred on various grounds that Taylor should have known were meritless --

two that claimed violations of state law, not federal constitutional law, one that claimed Taylor's innocence (which is not a freestanding claim that can be raised in habeas proceedings under established United States Supreme Court authority), three that are expressly contradicted by the record and no fewer than a dozen that failed to meet the exhaustion requirement set out in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) -- ten because they were not presented for decision on appeal to the Illinois Appellate Court and two because they were never raised before the state courts at all.

That left just three potential claims that needed to be examined on the merits, and each of those flat-out and obviously fails to meet the requirement that Section 2254(d) prescribes for habeas relief. And because the standard announced in Thomas equates to an appeal's frivolousness in the objective sense, this Court holds that Thomas' Petition does not meet that standard. Hence this Court denies Taylor's IFP motion and, as the Court of Appeals' December 1 order sets out, advises Taylor that he must refile the motion in that court pursuant to Fed. R. App. P. 24.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2015